UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GEORGE CAMERON AND JANIN CAMERON, Country Mutual Insurance Company claimants, and all others similarly situated throughout Washington State and the United States of America,

Plaintiffs,

v.

COUNTRY MUTUAL INSURANCE COMPANY, an insurance company, et al.,

Defendants.

Case No. C24-2147RSM

ORDER GRANTING MOTION TO DISMISS

## I.    INTRODUCTION

This matter comes before the Court on Defendants Country Casualty Insurance Company, Country Preferred Insurance Company, Country Investors Life Assurance Company, and Country Life Insurance Company (collectively, "Country Affiliates")'s Motion to Dismiss under Rules 12(b)(1) and 12(b)(6).[1] Dkt. #6. Plaintiffs oppose. Dkt. #15. The Court has reviewed the briefing and finds that oral argument is not necessary. For the reasons stated below, the Court GRANTS Defendants' Motion.

---

[1] Defendant Country Mutual Insurance Company, represented by the counsel, does not join this Motion and intends to file its answer after the instant Motion is resolved. *See* Dkt. #6 at 6 n.1.

ORDER GRANTING MOTION TO DISMISS - 1

## II. BACKGROUND[2]

This action was removed from King County Superior Court on December 27, 2024. Dkt. #1. Plaintiffs George and Janin Cameron bring this putative class action against the Country Affiliates, as well as Country Mutual Insurance Company and "Country Financial."

On or about August 28, 2021, Plaintiffs renewed an insurance policy "cobranded with both Country Financial and Country Mutual Insurance Company branding." Dkt. #1-1 at 3. The policy insured a Challenger tractor valued at $84,500 and a Kirby bale processor valued at $45,000. It covered fire damage and debris removal as well as damage to tires.

On January 8, 2022, George Cameron was towing the Kirby bale processor with his Challenger tractor. An unknown malfunction caused the tractor to catch fire. Both the tractor and the bale processor were damaged.

Mr. Cameron soon reported the occurrence to Country Mutual Insurance Company. No insurance employee came to investigate the damage.

Country Mutual Insurance Company instead "adopted the lowest valuation of the Challenger as the actual value of the Challenger and sent out a check which only covered damages for its valuation of the Challenger and part of the repair costs of the Kirby thus in part denying Cameron's claim." *Id*. at 5. This did not cover debris removal, a lost tire, or lost fuel. Plaintiffs sent the check back and later sent in additional documents to support their claims.

On February 12, 2024, Country Mutual Insurance Company sent a letter stating that all other claims would be denied as the one-year time limit on claims had elapsed and because the quotes were insufficient evidence of loss.

---

[2] Except as otherwise noted, the following background facts are taken from Plaintiffs' Complaint, Dkt. #1-1 and are accepted as true for purposes of ruling on this Motion to Dismiss.

ORDER GRANTING MOTION TO DISMISS - 2

Although the Complaint fails to mention where Plaintiffs live, where Defendants are located, where the insured property is located, or where any of the insurance agreements were signed, the policy indicates that the insured property was located on a farm in Eastern Washington. Dkt. #7-1.[3] The policy lists mailing addresses for Country Mutual Insurance Company in Salem, Oregon, and Bloomington, Illinois. *See id*. at 1 and 61.

This is not Plaintiffs' first attempt to sue these Defendants. Plaintiffs filed a putative class action in the Eastern District of Washington on May 17, 2024. *See* Dkt. #7-2. That complaint listed Plaintiffs as residents of Yakima County, Eastern Washington. *See id*. at 2. The Eastern District case was dismissed without prejudice on October 23, 2024. *See George Cameron et al. v. Country Mutual Ins. Co. et al.*, No. 1:24-cv-03075-MKD, 2024 WL 4557671, at *6–8 (E.D. Wash. Oct. 23, 2024). Plaintiffs "failed to demonstrate plausible grounds to conclude that the proposed class would meet the class-member and amount-in-controversy requirements for CAFA jurisdiction, even if Plaintiffs were granted leave to amend." *Id*. The Eastern District Court further found that Plaintiffs did not have "any Article III injury caused by the Country Affiliates' challenged insurance practices where Plaintiffs have not bought any insurance policy from the Country Affiliates."[4] *Id*.

The instant case was filed one month later in King County Superior Court and removed at the end of last year. *See* Dkt. #1-1. The Complaint attempts to assert liability against not just Country Mutual, but the same Country Affiliates Defendants as well, accusing Country Financial

---

[3] Defendants have attached several exhibits to their Motion. The Court finds that these exhibits are incorporated by reference in the Complaint or are matters of public record and may be considered in a Rule 12(b)(6) Motion. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("The doctrine of incorporation by reference may apply, for example, when a plaintiff's claim about insurance coverage is based on the contents of a coverage plan…").

[4] The Country Affiliates in the Eastern District case were the same as here: (1) Country Casualty Insurance Company, (2) Country Preferred Insurance Company, (3) Country Investor Life Assurance Company, and (4) Country Life Insurance Company. *See* 2024 WL 4557671 at *1 n.1.

ORDER GRANTING MOTION TO DISMISS - 3

of being a "joint venture" of Country Mutual Insurance Company, Country Casualty Insurance Company, Country Preferred Insurance Company, Country Investor Life Assurance Company and Country Life Insurance Company. *See id*. These entities allegedly share employees and share the tradename "Country Financial."

The Complaint states "the ultimate class should include all individuals throughout Washington State and throughout the United States who have submitted a claim to Defendants which was partially or totally denied in which there was a violation of the insurance regulations." *Id*. at 9. The Complaint boldly states that Defendants have "failed to properly investigate every claim submitted to them resulting in $15,000,000 of wrongfully denied claims throughout Washington and $250,000,000 of wrongfully denied claims throughout the United States" and have "failed to give every claimant the necessary information on their claim settlement procedures, which has resulted in $20,000,000 worth of claims being wrongfully denied throughout Washington State and $300,000 [sic] worth of claims throughout the United States." *Id*. at 10. There appears to be only one cause of action—violations of the Washington Consumer Protection Act ("CPA") through violations of various insurance regulations.

Country Affiliates moved to dismiss on January 3, 2025. Dkt. #6.

### III.   DISCUSSION

**A. Legal Standard**

Under Rule 12(b)(1), a defendant may challenge the plaintiff's jurisdictional allegations in one of two ways: (1) a "facial" attack that accepts the truth of the plaintiff's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction, or (2) a "factual" attack that contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings. *Leite v. Crane Co.*, 749 F.3d 1117, 1121-22 (9th Cir. 2014). When a party

ORDER GRANTING MOTION TO DISMISS - 4

raises a facial attack, the court resolves the motion as it would under Rule 12(b)(6), accepting all reasonable inferences in the plaintiff's favor and determining whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction. *Id*. at 1122.

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, a plaintiff's claims must be dismissed. *Id*. at 570.

B. **Subject Matter Jurisdiction**

As an initial matter, the Court finds that it has subject matter jurisdiction over Plaintiffs' claims sufficient to retain this case and avoid remanding to King County Superior Court. Defendants, including Country Mutual Insurance Company, removed this case under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA") because Plaintiffs plead a class action involving at least 100 putative class members and an aggregate amount in controversy exceeding $5,000,000. This Court maintains CAFA jurisdiction even if it concludes that Plaintiffs cannot establish a certifiable class. *See United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied*

ORDER GRANTING MOTION TO DISMISS - 5

*Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1091–92 (9th Cir. 2010) (holding that denial of class certification does not defeat CAFA jurisdiction "if jurisdiction was properly invoked as of the time of filing").

### C. Plaintiffs' Standing to Bring Claims against Country Affiliates

Defendants' first argument is that Plaintiffs again lack standing to sue Country Affiliates, *i.e.*, all the Defendant insurance companies *other* than the one that contracted for insurance with Plaintiffs. Defendants point out that Plaintiffs must allege an injury traceable to these Defendants' conduct and that this applies for a putative class action. Dkt. #6 at 14 (citing *Fosmire v. Progressive Max Ins. Co.*, No. C10-5291JLR, 2010 WL 3489595, at *2 (W.D. Wash. Aug. 31, 2010)). Defendants cite *Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1001–02 (9th Cir. 2001) for the proposition that a plaintiff who purchased life insurance policies from one insurance company does not have standing to bring claims individually or on behalf of a putative class against the insurance company's subsidiary regarding similar policies. *Id*. at 5–6.

Defendants also cite to the Eastern District of Washington case dismissing Plaintiff's claims against these same parties for lack of standing. In response, Plaintiffs point to new facts in the instant Complaint and argue that all of the Defendants are alter egos of each other or joint actors. *See* Dkt. #15 at 14–15. Plaintiffs also cite to *Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1133 (9th Cir. 2016) and *Lara v. First Nat'l Ins. Co. of Am.*, 25 F.4th 1134 (9th Cir. 2022) as analogous cases where Plaintiffs were allowed to sue a defendant outside the privity of contract and where Plaintiffs sued their insurer and another entity.

The problem for Plaintiffs is that the Complaint includes mere labels and conclusions to support alter ego liability, director liability, joint venture liability, etc. *See* Dkt. #1-1 at 6–9. Under Washington law, "[a] joint venture is not a status created or imposed by law, but is a

ORDER GRANTING MOTION TO DISMISS - 6

relationship voluntarily assumed and arising wholly out of the parties' express or implied contract." *Leslie v. Midgate Ctr., Inc.*, 72 Wn.2d 977, 980 (1967). To establish a joint venture, plaintiffs must plead facts plausibly showing: "(1) a contract, express or implied; (2) a common purpose; (3) a community of interest; (4) an equal right to a voice, accompanied by an equal right to control." *Paulson v. Pierce Cnty.*, 99 Wn.2d 645, 654 (1983); *see also Goeres v. Ortquist*, 34 Wn. App. 19, 20–21 (1983) (requiring "proof that the parties contracted to carry out a single enterprise"). Plaintiffs do not allege facts supporting these elements of a joint venture. To establish alter ego liability, plaintiffs must plead facts sufficient to show: (1) the corporate form was "intentionally used to violate or evade a duty"; and (2) "disregarding the corporate veil is necessary and required to prevent an unjustified loss to the injured party." *Columbia Asset Recovery Grp., LLC v. Kelly*, 177 Wn. App. 475, 486 (2013). None of those facts are alleged in the Complaint.

The same issues arise for director liability and the other sources of liability for the Country Affiliates. These allegations are not plausible on the pleaded facts. Rather, it is clear that Plaintiffs were insured by their named insurer and that all of their claims are properly asserted against only that entity—Defendant Country Mutual Insurance Company.

Accordingly, the Court agrees with all of the points raised by the Country Affiliates as to standing. As this is Plaintiffs' second attempt to sue these Defendants, the Court will dismiss Plaintiffs' claims against these entities with prejudice.

The Court notes that Plaintiffs otherwise fail to assert facts sufficient to show liability under the CPA against these Defendants and that dismissal under Rule 12(b)(6) would also be appropriate for the reasons argued by Defendants. *See* Dkt. # 6 at 19.

ORDER GRANTING MOTION TO DISMISS - 7

### D. "Country Financial"

Defendants also move to dismiss all claims brought against "Country Financial," arguing that this a trade name and not a legal entity. *Id*. at 19–20 (citing, *inter alia*, *Borisov v. Alamo Rent A Car*, No. C18-5847 BHS, 2019 WL 316710, at *3 (W.D. Wash. Jan. 24, 2019), *aff'd*, 796 F. App'x 949 (9th Cir. 2020) (concluding that "a non-entity trade name lacks the capacity to be sued and should be dismissed"). Plaintiffs do not argue differently, instead asserting that "[a]ll Defendants are joint and severally liable for any wrongful actions taken under the name of Country Financial therefore they are all proper parties to this lawsuit." Dkt. #15 at 25.

The Court agrees with Defendants and will dismiss all claims against Country Financial with prejudice.

### E. Class Allegations

Finally, Defendants move to dismiss all class allegations brought against all Defendants—Country Affiliates and Country Mutual Insurance Company—arguing that Plaintiffs do not plausibly plead facts to support predominance as required by Rule 23. Dkt. #6 at 20–21.

To assert claims on behalf of a class of similarly situated persons, a plaintiff must meet four requirements: (1) the class is so numerous that joinder is impracticable; (2) questions of law or fact are common to the class; (3) the claims of the representative parties are typical of the claims of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). In addition, the plaintiff must establish that "questions of law or fact common to class members predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b).

"The predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453

(2016). In general, the predominance inquiry "asks whether the common, aggregation-enabling, issues in the case are more prevalent or important than the non-common, aggregation-defeating, individual issues." *Id*. An individual question inappropriate for consideration on a class basis is one where members of a proposed class will need to present evidence that varies from member to member, while a common question is one where the same evidence will suffice for each member to make a prima facie showing or the issue itself is susceptible to generalized, class-wide proof. *Id*.

Here, plaintiffs seek to litigate a class action on behalf of "all individuals throughout Washington State and throughout the United States who have submitted a claim to Defendants which was partially or totally denied in which there was a violation of the insurance regulations." Dkt. #1-1 at ¶ 3.2. Plaintiffs allege that "[t]he question of law and/or fact common to the class is whether Defendants failed to implement and follow the minimum claim settlement standards established in state laws." *Id.* at ¶ 3.10. Plaintiffs then allege CPA violations predicated on violations of Washington regulations governing insurance settlement practices: "The specific policy provisions alleged to be consistently violated are WAC 284-30-330(4), WAC 284-30-330(13), WAC 284-30-360(4), WAC 284-30-380(5)." Compl. ¶ 3.11.

Defendants argue:

> Plaintiffs' CPA claims, however, necessarily "require[] proof that a plaintiff [w]as 'injured in his [or her] business or property,'" which involves individual questions that are not suitable for class treatment. *Lara v. First Nat'l Ins. Co. of Am.*, 25 F.4th 1134, 1139 (9th Cir. 2022) (quoting RCW 19.86.090). In *Lara*, the Ninth Circuit affirmed this Court's denial of class certification of similar CPA claims based on an insurer's alleged violation of Washington insurance regulations relating to the process for determining fair market value for a totaled car. *Id*. The Ninth Circuit held that a violation of Washington's insurance regulations is not enough to establish a class-wide CPA claim; instead, a plaintiff must prove that each class member was injured. *Id*. Thus, even if a class-wide

ORDER GRANTING MOTION TO DISMISS - 9

> violation of the insurance regulations demonstrated a common question, a plaintiff cannot meet the predominance requirement for class certification because he or she must prove that each class member suffered an injury, which "will require an individualized determination" for each class member about whether they received "the actual cash value" of their damaged property—*i.e.*, what the class member was entitled to under their insurance policy. *Id*. at 1138–39. The Ninth Circuit further explained that and "if a putative class member was given [actual cash value for their property] or more, then he or she cannot win on the merits." *Id*. at 1139. Thus, "figuring out whether each individual putative class member was harmed would involve an inquiry specific to that person" that precludes class certification. *Id*. (noting that the individualized injury inquiry "would involve looking into the actual pre-accident value of the [property] and then comparing that with what each person was offered, to see if the offer was less than the actual value"). . . .
>
> Here, plaintiffs' class allegations present the exact same defects at issue in *Lara*. Like in *Lara*, plaintiffs' sole class-wide claim arises under the CPA and requires plaintiffs to prove that each class member was actually harmed by defendants' alleged violation of the insurance regulations, *i.e.*, they did not receive the full actual cash value on their claim or the claim was otherwise improperly denied.

Dkt. #6 at 22.

The Court entirely agrees with Defendants and the cited cases that have come to this same conclusion. Even accepting Plaintiffs' allegations as true, determining whether any class member was injured or adequately compensated for their specific insurance claim would require individualized inquiries into each class member's insurance contract, the information provided on each specific claim, the pre-accident value or replacement cost of each piece of damaged property, what each member was offered, and whether the offer was less than the pre-accident value or replacement cost, among other things. Such is not appropriate for a class action. Further, the Eastern District court has already held that these Plaintiffs cannot bring a nationwide class action against Country Affiliates or Country Mutual Insurance Company as a matter of law. *Cameron*, 2024 WL 4557671, at *8. There is no reason to believe that these structural issues

ORDER GRANTING MOTION TO DISMISS - 10

could be cured by further amendment. Given all of the above, the Court will strike all class allegations.

F. Leave to Amend

Where a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Plaintiffs have previously filed a near-identical case in the Eastern District. The deficiencies above are mainly legal in nature, not factual. Leave to amend will therefore not be granted.

IV. CONCLUSION

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby finds and ORDERS:

(1) Defendants' Motion to Dismiss, Dkt. #6, is GRANTED.

(2) Plaintiff's claims against Defendants Country Casualty Insurance Company, Country Preferred Insurance Company, Country Investors Life Assurance Company, and Country Life Insurance Company are DISMISSED with prejudice.

(3) All claims against Country Financial are DISMISSED with prejudice.

(4) Plaintiffs' class allegations as to all Defendants are STRICKEN.

(5) This case will proceed against Defendant Country Mutual Insurance Company only.

DATED this 2nd day of April, 2025.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE