UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GEORGE CAMERON AND JANIN CAMERON, Country Mutual Insurance Company claimants, and all others similarly situated throughout Washington State and the United States of America,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTRY MUTUAL INSURANCE COMPANY, an insurance company, et al.,<br><br>Defendants. | Case No. C24-2147RSM<br><br>ORDER GRANTING MOTION TO STRIKE AFFIRMATIVE DEFENSES WITH LEAVE TO AMEND |

This matter comes before the Court on Plaintiffs' "FRCP 12(f) Motion to Strike Defense," Dkt. #26. Plaintiffs move to strike the affirmative defenses contained in Defendant Country Mutual Insurance Company's Answer, Dkt. #22. Defendant opposes. Dkt. #32. The Court has determined that it can rule without oral argument.

Rule 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of the rule "is to avoid the expenditure of time and money that must arise from litigating spurious issues." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). An affirmative defense may be insufficient "as a matter of pleading or as a matter of law." *Seattlehaunts, LLC v.*

ORDER GRANTING MOTION TO STRIKE AFFIRMATIVE DEFENSES - 1

*Thomas Family Farm, LLC*, No. C19-1937 JLR, 2020 WL 5500373, at *4 (W.D. Wash. Sept. 11, 2020).

An affirmative defense must be pled in such a way that plaintiffs have "fair notice" of the defense, which generally requires that defendants state the nature and grounds for the affirmative defense. *Employee Painters' Trust v. Pac. Nw. Contractors, Inc.*, 2013 WL 1774628, at *4 (W.D. Wash. Apr. 25, 2013). Although an affirmative defense is not required to meet the *Iqbal*/*Twombly* standard, it "must be supported by at least some facts indicating the grounds on which the defense is based." *Grande v. U.S. Bank Nat'l Ass'n*, No. C19-333 MJP, 2020 WL 2063663, at *2 (W.D. Wash. Apr. 29, 2020).[1]

Defendant includes ten affirmative defenses in its Answer: failure to state a claim, statutes of limitation/laches, lack of causation, failure to satisfy conditions precedent, waiver/estoppel, failure to mitigate, failure to exhaust administrative or contractual remedies, adequate remedy at law, payment and/or release, and "additional defenses." *See* Dkt. #22 at 18–19. These defenses are stated in a general, conclusory fashion, often in just a single sentence, without pointing to supporting facts. They do not provide fair notice to Plaintiffs.

Defendant opposes this Motion but seeks leave to amend in the alternative. *See* Dkt. #32 at 2 – 3 (citing *Bell v. Nat'l Credit Sys., Inc.*, No. 2:19-cv-01727-RAJ-BAT, 2020 WL 1452552, at *1 (W.D. Wash. Jan. 8, 2020); *B.E.S. v. Seattle Sch. Dist. No. 1*, No. C05-2092RSM, 2007 WL 9775580, at *1 (W.D. Wash. Feb. 15, 2007)). Defendant presents adequate argument to convince the Court that leave to amend should be granted. *See id*. at 5–8. The Court finds that any amendment is timely considering the Court's delay in issuing this Order and the existing case schedule.

---

[1] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

ORDER GRANTING MOTION TO STRIKE AFFIRMATIVE DEFENSES - 2

Having reviewed the relevant briefing, the Court finds and ORDERS that Plaintiffs' Motion to Strike Defenses, Dkt. #26, is GRANTED with leave to amend. Defendant shall have until **November 19, 2025**, to file an amended answer consistent with the above.

DATED this 22nd day of October, 2025.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE